101 F.3d 1392
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Mark A. JENKINS and Marion F. Jenkins, Plaintiffs-Appellants,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 95-7886.
 United States Court of Appeals,
Second Circuit.
 July 22, 1996.
 
 1
 Mahlon T. Clements, Esq., Clements & Ducharme, P.C., Canton, New York, for Appellants.
 
 
 2
 Nancy N. Bogan, Esq., Thorn and Gershon, Albany, New York, for Appellee.
 
 
 3
 Present: VAN GRAAFEILAND, WALKER, LEVAL, Circuit Judges
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued by counsel.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is hereby AFFIRMED. The appeal by Plaintiffs' counsel is DISMISSED.
 
 
 6
 On January 14, 1990, Plaintiff Mark Jenkins, a military police officer at Fort Drum in Jefferson County, New York, was injured when the automobile in which he was riding as a passenger was involved in an accident. Upon impact of the right front of the vehicle with a pole, the rear collided at low speed with a post. The back of the seat in which Jenkins was riding collapsed rearward, causing him to be ejected and to come into contact with the rear window and shelf. As a result of the accident, Jenkins suffered severe injuries to his head, neck, and body. The vehicle involved in the accident, a 1987 Chevrolet Celebrity four-door sedan was manufactured by Defendant General Motors ("GM"). Jenkins and his wife sued GM on a variety of grounds, including negligence in the design of the right front seat and seatbelt restraint system. After a lengthy period of discovery, a jury trial began in July 1995. On August 3, 1995, the jury rendered a verdict in favor of GM. GM thereafter moved to recover from the Jenkinses and their attorneys costs and fees incurred in connection with the deposition of four defense experts. On January 9, 1996, the district court granted the motion and ordered that Clements & Ducharme, the law firm representing the Jenkinses, be held jointly and severally liable with the Jenkinses for the costs and fees at issue, in the amount of $5,350.25.
 
 I. The Attorneys' Claim
 
 7
 The Jenkinses' attorneys, from the law firm of Clements & Ducharme, argue that the district court erred in ordering them to pay fees to depose GM's experts, pursuant to Fed.R.Civ.P. 26(B)(4)(C). However, the attorneys failed to file a notice of appeal on their own behalf. The only notice of appeal that references the January 9, 1996 decision of the district court on GM's motion for expert costs and fees lists Mark A. and Marion F. Jenkins as the parties seeking appeal, and in no way suggests that the attorneys intend to appeal on their own behalf. Accordingly, we dismiss the attorneys' appeal for lack of jurisdiction. See Fed.R.App.P. 3(c) ("A notice of appeal must specify the party or parties taking the appeal by naming each appellant in either the caption or the body of the notice of appeal.... An appeal will not be dismissed ... for failure to name a party whose intent to appeal is otherwise clear from the notice."); Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir.1994) (" 'The failure to name a party in a notice of appeal is more than excusable "informality"; it constitutes a failure of that party to appeal,' defeating appellate jurisdiction." (quoting Torres v. Oakland Scavenger Co., 487 U.S. 312, 314 (1988))).
 
 
 8
 Because we lack jurisdiction to consider the attorneys' appeal, we do not address their claim on the merits.
 
 II. The Jenkinses' Claims
 
 9
 The Jenkinses argue that the district court abused its discretion in: (1) denying certain of their discovery requests and failing to rule on others; (2) denying their application for a continuance; (3) admitting into evidence a videotaped animated reconstruction of the accident offered by GM, and various exhibits (accident data charts); and (4) excluding from evidence a rebuttal videotape offered by the Jenkinses.
 
 
 10
 We have considered the trial errors alleged by the Jenkinses and find them to be without merit. None of the alleged errors amounted to an abuse of the district court's discretion in managing discovery, denying a continuance, or ruling on evidence. Furthermore, the Jenkinses' appeal from the January 9, 1996 order of the district court, which held them jointly and severally liable, together with their attorneys, for the costs and fees associated with deposing GM's experts, lacks merit. Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure provides as follows:
 
 
 11
 Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.
 
 
 12
 The plain language of this rule indicates that the district court properly held the Jenkinses liable for the expert costs and fees. See Business Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533, 540-41 (1991) (" 'We give the Federal Rules of Civil Procedure their plain meaning.' As with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous." (quoting Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 123 (1989))).
 
 III. Conclusion
 
 13
 The judgment of the district court is affirmed in its entirety. The appeal by Plaintiffs' attorneys is dismissed for lack of jurisdiction.